Argued June 12, affirmed July 16, 1958

# BALLOU *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

### 328 P. 2d 137

*Philip A. Levin* and *Emerson U. Sims*, Portland, argued the cause for appellant. With them on the brief was A. L. Casciato, Portland.

*T. Walter Gillard*, Assistant Attorney General, Portland, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem, and George S. Woodworth, Assistant Attorney General, Portland.

Before PERRY, Chief Justice, and ROSSMAN, LUSK, WARNER, McALLISTER and SLOAN, Justices.

LUSK, J.

This is an appeal by the plaintiff from a judgment n.o.v. for the defendant, State Industrial Accident Commission, in an action brought for the purpose of reversing the decision of the commission rejecting plaintiff's claim for compensation for the accidental death of her husband, Billy D. Ballou.

At the time of his fatal injury on January 4, 1954, and for approximately a year prior thereto the deceased earned his living hauling lumber in trucks which he was buying on conditional sales contract from Bern O. Bliss, who was engaged in business under the name of Bliss Log & Lumber Co. of Tillamook, Oregon. On January 4, 1954, the deceased went to the yard of Buehner Lumber Co., hereinafter called

Buehner, in Tillamook, to pick up a load of lumber. He was accidentally killed in the course of the loading operation. His widow's claim for compensation for herself and minor child was, as stated, rejected by the commission.

The complaint alleged that Ballou, on the day that he met his death, was employed by Bliss and was also in the employ of Buehner "as a loaned servant." The court submitted to the jury two interrogatories, the answers to which were returned as a special verdict, as follows:

"INTERROGATORY NO. 1: Was the decedent, Billy D. Ballou, an employee or an independent contractor at the time of his fatal accident on January 4, 1954?

"ANSWER: Employee

(If your answer is 'Independent contractor' you will not answer the following question:)

"INTERROGATORY No. 2: By whom was Billy D. Ballou employed at the time of his fatal accident?

"ANSWER: Bliss Log & Lumber Co.

(Buehner Lumber Company or Bliss Log & Lumber Company.)"

Both Bliss and Buehner were under the Workmen's Compensation Law.

██ It is a close question whether there is any evidence that the deceased was an employee of Bliss, and there is no evidence that he was an employee of Buehner. The "loaned servant" theory has been abandoned in this court, and properly so as it has no support whatever in the evidence. In order for the plaintiff to recover she has the burden of showing not only that the deceased was an employee of Bliss but that his death was the result of an accidental injury "arising

out of and in the course of his employment." ORS 656.152. As to the latter essential element of plaintiff's case, it is stated in her brief that "plaintiff frankly admits that she must rely upon one piece of evidence, to wit, Exhibit 1." This exhibit is "A Report of Accident by Employer" (the accident involved in this case) executed and filed with the commission under date of January 6, 1954, by Bern O. Bliss as owner of Bliss Log & Lumber Co. on a form provided by the commission. The report states that Ballou was in the employ of Bliss for three months, and gives the answer "Yes" to the question "Was deceased in course of employment at time of injury?"

Before considering the effect of this evidence we will state the facts briefly: During the year 1953 Ballou was engaged in hauling lumber for various concerns, including Bliss, concededly as an independent contractor operating under the name of Ballou & Son. During the last three months of 1953 he was carried on the Bliss payroll at a salary of $300 a month, though actually he appears to have been paid by the amount of lumber hauled. Over the period of the entire year his hauling for Bliss amounted to 65% of the total, and for others 35%. In October and November he hauled exclusively for Bliss, and in December about 5% for Buehner and the remainder for Bliss. He had agreed to haul Bliss' stock, but, when not so engaged, he was at liberty to haul for whom he pleased. He solicited jobs from others. Bliss had no interest, financial or otherwise, in his other undertakings. Mr. Bliss testified that they were none of his business. He did not know that Ballou was hauling for Buehner on January 4, 1954, until he heard of his death.

■ The evidence shows beyond any question that on that day, as at other times when he hauled for Buehner,

Ballou was operating as an independent contractor, owning his own equipment, paid at the rate of $6 per thousand feet of lumber hauled, and not subject to the control or direction of Buehner or anyone else. It also shows without contradiction that at the time of the accident he was not working for Bliss in any capacity. The statement in Exhibit 1 that "deceased was in the course of employment at the time of injury" is hearsay, a mere conclusion and without evidentiary value. The very man who signed the document testified under oath to facts which are wholly inconsistent with that statement. Had he made the same statement under oath as a witness, it would, in view of his testimony respecting the facts, have been treated as his mere unsupported opinion on one of the ultimate issues, and not as evidence. Its inclusion in an accident report could, of course, add nothing to its value.

There is a complete failure of proof of an essential element of plaintiff's cause of action and we have no recourse other than to affirm the judgment.

Affirmed.